IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON MCWILLIAMS, *et al.*, | ) | CASE NO. 1:06-cv-02001 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| DIALOG EMS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION** |

During a Show Cause hearing held on February 13, 2007, Plaintiffs orally moved this Court for an order of default judgment against Defendants Dialog EMS, Inc., Reliable EMS, and Kurt Von Bauer. For the reasons stated below, Plaintiffs' motion is hereby granted.

**I. Procedural and Factual Background**

Plaintiffs filed their Complaint on August 21, 2006, alleging that they were unfairly deprived of overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Doc. No. 1.) The Complaint named the following defendants: Dialog EMS, Inc., Reliable EMS, Kurt Von Bauer,[1] and Dmitriy Yankelevich. *Id*.

The first three defendants were initially represented by attorney Charles Price, who recently withdrew from representation. (Doc. Nos. 29 & 32.) According to the representations made by Mr. Price during the course of these proceedings, Kurt Von Bauer is current president

---

[1] Kurt Von Bauer was incorrectly named in the original Complaint as Kurt Vananbaur. (*See* Doc. Nos. 1, 30 & 31.)

of Dialog EMS, Inc. and has held that position since approximately June 2006. (Doc. No. 17.) According to Mr. Price and Defendant Dmitriy Yankelevich ("Yankelevich"), Reliable EMS is a trade name used by Dialog EMS, Inc. (Doc. No. 3.)

The remaining defendant, Yankelevich, has proceeded *pro se*, but arrived at the Show Cause hearing with counsel Jessica Iwler and indicated that he was in the process of retaining the firm of Ulmer & Berne LLP.[2] Defendant Yankelevich is the former president of Dialog EMS, Inc. He held that position from approximately October 2005 until August 2006. (Doc. No. 3.)

This case is before the Magistrate Judge pursuant to the consent of the parties. (Doc. No. 11.) The consent form was signed by Plaintiffs' attorney, Defendant Yankelevich, and Mr. Price as attorney for the remaining Defendants.

Former counsel for Dialog EMS, Inc., Von Bauer and Reliable EMS indicated that he had been unable to comply with Plaintiffs' discovery requests as his attempts to contact his clients by both telephone and regular mail have been unsuccessful since September 2006. (Doc. Nos. 22, 27 & 29.) After first learning of these difficulties during a telephone conference on December 20, 2006, the Court scheduled an in-person discovery conference for January 2, 2007 and expressly ordered all Defendants to personally attend. (Doc. Nos. 22-23.) Defendants were warned that failure of any defendant to attend may result in the imposition of sanctions against that defendant, "including, without limitation, entry of default judgment against such defendant." (Doc. No. 23.) The Court mailed copies of this order directly to Defendant Von Bauer at both

---

[2]The Court instructed Ms. Iwler that an attorney from her firm should enter a notice of appearance no later than February 20, 2007 if her firm intends to proceed with the case.

addresses provided by his attorney.  (Doc. No. 23.)[3]

Despite the Court's order and the notice contained therein, none of the defendants attended the in-person discovery conference.  Former counsel for Dialog EMS, Inc, Von Bauer, and Reliable EMS attended the conference and informed the Court that his continued efforts to reach his clients proved unsuccessful.  At that time, he orally requested permission to withdraw as counsel.[4]  (Doc. No. 27.)

On January 30, 2007, the Court issued an order setting a Show Cause hearing for February 13, 2007 at 9 a.m.  (Doc. No. 28.)  The Court again ordered all Defendants to personally attend the hearing and again warned Defendants that failure to attend could result in sanctions.  *Id*.  Only Defendant Yankelevich complied with the Court's order.  The remaining Defendants failed to appear at the hearing.

Plaintiffs' counsel orally moved this Court for default judgment against Defendants Dialog EMS, Inc., Von Bauer, and Reliable EMS.

## II.  Analysis

While the Court appreciates that an entry of default judgment is a harsh sanction, default judgment against the three Defendants (hereinafter "Defendants") is warranted under the circumstances of this case.  First, the Court finds that Defendants failure to communicate with their attorney and comply with the discovery plan as well as their repeated failure to comply with the Court's orders indicates willfulness and bad faith.  At a minimum it indicates a reckless

---

[3] The in-person discovery conference was later rescheduled to January 30, 2007.  (Doc. No. 26.)

[4] The Court granted counsel's subsequently filed motion to withdraw on February 5, 2007.

disregard for the effect of their conduct on the proceedings, the other parties, and the Court.

Further, the Defendants' conduct has prejudiced the Plaintiffs. Plaintiffs have complied with the discovery plan and with all orders issued by the Court. Counsel for Plaintiffs appeared at the discovery conference on January 30, 2007 and at the Show Cause hearing on February 13, 2007. Both of those proceedings could not go forward because Defendants failed to attend. Plaintiffs have an interest in moving their case forward in a timely manner. As a result of Defendants failure to communicate with their former counsel, comply with discovery, and attend scheduled proceedings, that interest has been harmed.

Another factor justifying entry of a default judgment in this case is that Defendants were given fair notice that a default judgment would be entered if they failed to comply with the Court's orders. Both the order issued December 2, 2006 (Doc. No. 23) and the order issued January 30, 2007 (Doc. No.28) expressly warned Defendants that failure to attend the scheduled proceedings could result in entry of a default judgment. Furthermore, Defendants were given an opportunity to show cause why sanctions should not be imposed for their failure to cooperate with discovery and to attend the scheduled discovery conference, but they failed to appear at the Show Cause hearing.

Finally, the Court finds that no less drastic sanction would protect the integrity of the pretrial process and Plaintiffs' interest in timely pursuing their case. Defendants have repeatedly failed to comply with the Court's orders. They have been undeterred by repeated warnings that they faces serious sanctions, including entry of a default judgment. Defendants failed to communicate with their former counsel who was unable to contact Defendants since September 2006, just one month after the Complaint was filed in this case. Now, as a *pro se* defendant, Von

Bauer has failed to communicate with this Court.[5] Under these circumstances, no alternative sanction will protect the integrity of the pretrial process and Plaintiffs' interests.

### III. Conclusion

In light of the willfulness of Defendants' conduct, the prejudice suffered by Plaintiffs, and the fair warning given to Defendants that their repeated failure to comply with the Court's orders could result in an entry of default judgment and because no alternative sanctions would be adequate under the circumstances, entry of a default judgment is an appropriate sanction.

s/ Nancy A. Vecchiarelli  
U.S. MAGISTRATE JUDGE

Date: February 20, 2007

---

[5] Defendants Dialog EMS, Inc. and Reliable EMS may not proceed *pro se*. Yet, no notice of appearance has been filed on their behalf.