IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHANNON MCWILLIAMS, *et al.*, | CASE NO. 1:06-cv-02001 |
| Plaintiffs, | |
| v. | MAGISTRATE JUDGE VECCHIARELLI |
| DIALOG EMS, INC., *et al.*, | |
| Defendants. | **MEMORANDUM OPINION & ORDER** |

On August 21, 2006, Plaintiffs Shannon McWilliams, John Holmes, Samone Walker, and Chris Luczywo ("Plaintiffs") filed their Complaint against Defendants Dialog EMS, Inc., Reliable EMS, Dmitry Yankelevich, and Kurt Von Bauer.[1] On May 1, 2007, Defendant Dmitry Yankelevich ("Yankelevich") filed a Motion for Summary Judgment. (Doc. No. 48.) Plaintiffs filed their Brief in Opposition on May 7, 2007. (Doc. No. 50.) Defendant Yankelevich filed his Reply on May 10, 2007. (Doc. No. 51.) For the reasons stated below, Defendant Yankelevich's Motion for Summary Judgment is GRANTED.

**I. SUMMARY OF RELEVANT FACTS**

In their Complaint, Plaintiffs allege that they were employed by Dialog EMS, Inc. and Reliable EMS, an ambulance service. (Doc. No. 1.) Plaintiffs allege that Defendant Yankelevich and Defendant Kurt Von Bauer ("Von Bauer") were officers of Dialog EMS, Inc.

---

[1] Previously, on February 21, 2007, the Court granted Plaintiffs' motion for default judgment against Defendants Dialog EMS, Inc., Reliable EMS, and Kurt Von Bauer. (Doc. Nos. 36 & 37.)

and Reliable EMS.  (Doc. No. 1.)  Defendant Yankelevich avers that Reliable EMS is a trade name used by Dialog EMS, Inc.  (Doc. No. 3.)  Plaintiffs further allege that Defendants failed to compensate them in accordance with federal and Ohio law for overtime worked in excess of forty hours per week during the period spanning from July 24, 2003 until July 23, 2006.  (Doc. No. 1.)

In his Answer, Defendant Yankelevich avers the following: the president of Dialog EMS, Inc. from its inception until October 2005 was Michael Reyzin ("Reyzin"); Yankelevich was president of the company from October 2005 until August 2006; Von Bauer, previously employed by the company as a paramedic, became the majority shareholder of Dialog EMS, Inc. in August of 2006; and Yankelevich and Von Bauer were never officers of Dialog EMS, Inc. simultaneously.  (Doc. No. 3.)  Yankelevich, however, remained a minority shareholder of Dialog EMS, Inc. after August of 2006, but he disavows any role in determining the company's employment practices.  (Doc. No. 48-4, Exh. B.)

According to the affidavit of Yuriy Krasnov, who claims to have been responsible for maintaining the financial records of Dialog EMS, Inc. during the relevant time period, the annual volume of sales by Dialog EMS, Inc. never exceeded $500,000.[2]  (Doc. No. 48-3, Exh. A.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The moving party can meet this burden in two ways: by presenting sufficient evidence to indicate there is no

---

[2]  Attached to Krasnov's affidavit are tax return forms for the years 2004 and 2005, which indicate that Dialog EMS, Inc.'s gross receipts for sales was $157,023 and $358,013 respectively.  (Doc. No. 48-3, Exhs. 1 & 2.)

genuine issue of material fact; or by arguing the non-moving party, after adequate time for discovery, has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may rely on depositions, answers to interrogatories, and the like, to demonstrate that the non-moving party has no evidence to prove his case and hence that there can be no factual dispute.  *Id.* at 328 (White, J., concurring).  However, "it is not enough to move for summary judgment ... with a conclusory assertion that the [non-moving party] has no evidence to prove his case."  *Id.*

Once the moving party has met its burden, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial.  *See Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995).  That is, the nonmoving party has an affirmative duty to direct the court's attention to specific evidence upon which it seeks to rely.  *Al-Qudhai'een v. America West Airlines, Inc.*, 267 F. Supp.2d 841, 845 (S.D. Ohio 2003) *citing In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

In assessing the merits of the motion, a Court should "draw all reasonable inferences in favor of the nonmoving party." *Joostberns v. United Parcel Servs., Inc.*, 2006 U.S. App. LEXIS 533 at *8 (6th Cir. 2006).  In addition, the Court "does not weigh the evidence or make credibility determinations." *Id*.; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  In other words, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).

### III.  ANALYSIS

**A.     Claims Brought Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201** *et seq.*

Defendant Yankelevich argues that he is entitled to summary judgment with respect to Plaintiffs claims arising under the Fair Labor Standards Act ("FLSA") because Plaintiffs cannot prove they are covered by the act.  "In an action to recover unpaid overtime compensation under the FLSA, the burden rests first on the plaintiff to prove by a preponderance of the evidence that (1) there exists an employer-employee relationship; (2) there was an engagement in activities within coverage of the FLSA; and (3) the defendant failed to pay the plaintiff the overtime pay required by law."  *Kowalski v. Kowalski Heat Transfer Co.*, 920 F. Supp. 799, 806 (N.D. Ohio 1996); *accord Herman v. Palo Group Foster Home*, 976 F. Supp. 696 (W.D. Mich. 1997); *Gregg v. SBC/Ameritech*, 2005 U.S. Dist. LEXIS 12577 (S.D. Ohio 2005).  The opinion in *Kowalski* stated that:

> There are essentially two ways in which employees gain protection under the FLSA.  First, employees may be employed in an enterprise engaged in commerce or the production of goods for commerce and thus enjoy "enterprise coverage." Second, employees may themselves be engaged in commerce or in the production of goods for commerce, enjoying "individual" coverage.

*Kowalski*, 920 F. Supp. at 802; *see also Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-1266 (11th Cir. 2006) (Under FLSA, an employer must pay an employee overtime if the employee can establish either "enterprise coverage" or "individual coverage.")

Defendant Yankelevich argues that Plaintiffs have not sufficiently established that Plaintiffs are covered by the FLSA under either enterprise or individual coverage, an element essential to Plaintiffs' claims.

**1.     Enterprise Coverage**

In order for Plaintiffs to be covered by the FLSA under enterprise coverage, the "annual gross volume of sales" made by the employer must reach or exceed $500,000.[3]  Defendant Yankelevich has submitted tax returns forms for the years 2004 and 2005 that indicate Dialog EMS, Inc.'s gross receipts for sales was $157,023 and $358,013 respectively.  (Doc. No. 48-3, Exhs. 1 & 2.)  In addition, Defendant Yankelevich has submitted the affidavit of Yuriy Krasnov, who avers that he was responsible for maintaining the financial records of Dialog EMS, Inc. during the relevant time period and that the annual volume of sales by Dialog EMS, Inc. *never* exceeded $500,000.  (Doc. No. 48-3, Exh. A.)

For Plaintiffs to recover unpaid overtime under the FLSA, Plaintiffs bear the ultimate burden of demonstrating by a preponderance of the evidence that there was an engagement in activities within the coverage of the FLSA.  To counter the evidence presented by Defendant Yankelevich indicating that Dialog EMS, Inc. never satisfied the requisite $500,000 threshold for enterprise coverage, Plaintiffs have pointed to the indictment of Reyzin, a former president of Dialog EMS, Inc. until October 2005 in Case No. 1:05-CR-340.  (Doc. No. 50-3, Exh. 2.)

---

[3] Pursuant to 29 U.S.C. § 203(s)(1):

"Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that--
    (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
    (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $ 500,000 (exclusive of excise taxes at the retail level that are separately stated)

Plaintiffs argue that the indictment indicates Reyzin fraudulently billed Ohio Medicaid $5,209,875.86 between October 3, 2001 and February 16, 2005.[4]  (Doc. No. 50-3, Exh. 2.) While Reyzin is a not a defendant in this action, Plaintiffs aver that the amount billed, averaged over five years, exceeds $1,000,000 billed annually.  (Doc. No. 50.)  For the reasons stated below, the Court finds this evidence completely inadequate.

Plaintiffs' proffer of Reyzin's indictment as evidence that Dialog EMS, Inc. had gross receipts in excess of $500,000 is inadequate for two reasons.  First, the Plea Agreement indicates that the loss stemming from Reyzin's illegal actions amounts to $400,000.[5]  (Doc. No. 51, Case No. 1:05-CR-340.)  Therefore, Plaintiffs' inference that Dialog EMS, Inc. had gross annual receipts in excess of $1,000,000 is not warranted.  Second, and even more significant, Plaintiffs overlook the fact that Reyzin was charged with fraudulently billing Medicaid for the benefit of Dialog Transportation, Inc. and *not* on behalf of the defendant in this case, Dialog EMS, Inc. (Doc. No. 50-3, Exh. 2.)  Defendant Yankelevich has presented copies of the Articles of Incorporation of both Dialog EMS, Inc., a defendant in this action, and non-party Dialog Transportation, Inc.  (Doc. No. 51, Exhs. A & B.)  Although the documents indicate that Reyzin was involved with both corporations, the two are clearly distinct entities.  Plaintiffs have alleged that they were employed only by Dialog EMS, Inc.  (Doc. No. 1.)  Consequently, the Court finds that Plaintiffs reliance on the indictment of Reyzin is misplaced, as the information therein is immaterial to the present action.

---

[4]  According to the indictment, only $1,944,990.54 of the $5,209,875.86 billed had been paid.  (Doc. No. 50-3, Exh. 2.)

[5]  The Court takes judicial notice of the plea agreement filed in that case.

Plaintiffs have failed to point to any evidence of record that could support a finding of enterprise coverage under the FLSA.  Therefore, unless Plaintiffs can make a showing that Plaintiffs are covered under the FLSA by individual coverage, Plaintiffs will be unable to demonstrate by a preponderance of the evidence the existence of coverage under the FLSA – an element upon which they bear the ultimate burden at trial.

### 2. Individual Coverage

Individual coverage hinges on whether Plaintiffs engaged in interstate commerce.  *See, e.g., Junkin v. Emerald Lawn Maint. & Landscaping, Inc.*, 2005 U.S. Dist. LEXIS 26048 (M.D. Fla. 2005).  For individual coverage to apply under FLSA, an employee must present evidence that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce.[6] *See Thorne*, 448 F.3d at 1265-1266.  Defendant Yankelevich alleges that Plaintiffs neither engaged in commerce nor the production of good for commerce, as their employment duties were limited to transporting patients to and from locations in Northeast Ohio.  (Doc. No. 48-4, Exh. B.)

Plaintiffs, as the non-moving party, may not rest upon the mere allegations or denials in

---

[6] By statute, "commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b).  "Produced" means "produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this Act an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State."  29 U.S.C. § 203(j).  "Goods" is defined as "goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer or processor thereof."  29 U.S.C. § 203(i).

the pleadings, but must direct the court's attention to specific evidence upon which they seek to rely in order to withstand summary judgment. Plaintiffs, however, have failed to point to any evidence or present any argument on the issue of whether they were individually covered under FLSA. (*See generally* Doc. No. 50.)

As such Plaintiffs have been unable to demonstrate an engagement in activities within the coverage of the FLSA, an issue that it is their burden to prove by a preponderance of the evidence. Therefore, Defendant Yankelevich's motion for summary judgment is GRANTED with respect to Plaintiffs' federal claims.

**B.      Claims Brought Pursuant to Ohio Revised Code § 4111.01** *et seq.*

Defendant Yankelevich argues that if Plaintiffs' federal claims are dismissed, the Court should decline to retain jurisdiction over the remaining claims based on state law. (Doc. No. 48-2.) This Court has original jurisdiction over Plaintiffs' FLSA claims as district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, the Court's jurisdiction over Plaintiffs' Ohio law claims is based on supplemental jurisdiction under 28 U.S.C. § 1367(a). "Under 28 U.S.C. § 1367(c)(3), the district court has the discretion to dismiss claims over which it has supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction." *Dobbs-Weinstein v. Vanderbilt Univ.*, 185 F.3d 542, 546 (6th Cir. 1999); *cf.* 28 U.S.C. § 1447(c) (Where a case was removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

This Court's jurisdiction over Plaintiffs' state claims is based solely on pendent jurisdiction and Plaintiffs have not alleged that jurisdiction arises out of the diversity of the

parties. However, even if the parties were diverse, Plaintiffs' claims amount to $26,258 – an amount far short of the statutory requisite for this Court to exercise diversity jurisdiction.

In fact, Plaintiffs, in their motion to compel, alternatively requested the Court to "transfer this case to Common Pleas Court, Cuyahoga County, Ohio for litigation on its merits." (Doc. No. 56.) The Court declines to exercise continuing jurisdiction over Plaintiffs' state claims now that their federal claims have been dismissed   Because this case was not removed from state court, the Court further declines to remand or "transfer" this action. Instead, Plaintiffs' claims brought pursuant to O.R.C. § 4111.01 *et seq*. are hereby DISMISSED ***without prejudice***.

### IV.  CONCLUSION

For the foregoing reasons, Defendant Yankelevich's Motion For Summary Judgment is GRANTED against Plaintiffs with respect to their claims based on federal law. Plaintiffs' claims based on Ohio law are hereby DISMISSED without prejudice for lack of jurisdiction.

IT IS SO ORDERED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge


Date: June 13, 2007